COZEN O'CONNOR
David A. Shimkin (SBN: 290818)
Email: DShimkin@cozen.com
601 S.Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel. (213) 892-7999
Fax: (866) 591-9123

Lisa A. Ferrari *(pro hac vice application to be filed)*
Email: LFerrari@cozen.com
Edward M. Weisz *(pro hac vice application to be filed)*
Email: EWeisz@cozen.com
3 World Trade Center, 175 Greenwich St., 55th floor
New York, NY 10007
Tel. (212) 883-4900
Fax: (646) 588-1459

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELETE.GROUP, INC., a California Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>FABRIC AND FABRIC, INC., a California Corporation; and DOES 1 through 10,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff YELETE GROUP, INC. ("Yelete" or "Plaintiff"), by its attorneys, Cozen O'Connor, as and for its Complaint against FABRIC AND FABRIC, INC. ("F&F" or "Defendant F&F") and DOES 1 through 10, inclusive (The "DOES 1-10"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a), and this Court has personal jurisdiction over Defendant F&F because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district, and F&F resides in this judicial district

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located at 6450 Bandini Boulevard, Commerce, California 90040.

5. Upon information and belief, Defendant F&F is a corporation organized under the laws of California and doing business in California, with its principal place of business located at 420 East 11th Street, Suite 302, Los Angeles, California 90015.

6. Upon information and belief, Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names. Plaintiff will either amend as of right or seek leave to amend this Complaint to show the true names and capacities after such determination has been made.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of

such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## ALLEGATIONS COMMON TO ALL CLAIMS

### A. Plaintiff Yelete

8. Yelete was founded in 2006 and is a well-known importer and wholesaler of apparel in the United States. Yelete has offices in California, and imports and sells clothing such as leggings, pants, active wear, body stockings, cardigans, scarves, tops and dresses to wholesalers, distributors, and retailers.

9. Yelete offers for sale and sells clothing on its website located at www.yelete.com. Yelete's website displays photographs of models wearing Yelete clothing.

10. Prior to the acts complained of herein, Yelete's website and the photographs shown on the website have been widely disseminated and accessible, including to potential and actual consumers and to those in the fashion and apparel industries.

11. Yelete is the owner of all copyright rights in the photographs appearing on its website, including copyright registrations issued by the U.S. Copyright Office in connection with the photographs.

12. Yelete is the owner of U.S. Copyright Registration No. VAu 1-385-066, which covers a photograph identified as No. 818JT262-BLK, among others. Upon information and belief, this Copyright Registration issued prior to Defendants' acts complained of herein. A copy of the Certificate of Registration is attached to this Complaint as Exhibit A.

13. Yelete is the owner of U.S. Copyright Registration No. VAu 1-407-092, which covers photographs (front, back and side images) identified as Nos. 818JT237-FUS; 818JT237-FUS-2; 818JT271-BLK; 818JT271-BLK-2; 818JT272-WND; 818JT272-WND2; 818JT274-BLK; and 818JT274-BLK-2, among others. Upon information and belief, this Copyright Registration issued prior to Defendants' acts complained of herein. A copy of the Certificate of Registration is attached to this Complaint as Exhibit B. Plaintiff's photographs alleged herein are referred to collectively as the "Protected Photographs."

14. Yelete is the owner of a U.S. copyright application covering photographs identified as Nos. 818JT244; 818JT244-2; 818JT159-RED and 818JT159-RED-2. Upon issuance of a Certificate of Registration covering these photographs, Plaintiff shall amend by right or seek leave to amend this Complaint in order to assert a cause of action in connection with the new Copyright Registration.

**B. Defendants' Infringing Activities**

15. Upon information and belief, F&F is a retail and wholesale distributor of clothing. F&F maintains a website located at www.fabricandfabricinc.com (the "F&F Website") at which F&F promotes and sells clothing.

16. Upon information and belief, at a date subsequent to Yelete's registration of the Protected Photographs, F&F and the Defendants, and each of them, without Yelete's authorization, reproduced, made copies, distributed, publicly or electronically displayed or otherwise disseminated, and/or made available for download or further distribution or transmission, in whole or substantial part, the Protected Photographs on the F&F Website. The photographs displayed on the F&F Website (the "Accused Photographs") are reproductions of, and therefore substantially similar to, the Protected Photographs. Copies of the front-facing images from the Protected Photographs and the Accused Photographs are shown side by side in Exhibit C to this Complaint.

17. Upon learning of F&F's actions, Yelete notified F&F of its copyright rights, provided copies of the contents of Exhibit C to F&F, and demanded that F&F remove the Protected Photographs from the F&F Website. Upon information and belief, in willful disregard of Yelete's copyright rights, and having both constructive and actual notice of Yelete's copyright rights, F&F delayed and/or refused to remove the Protected Photographs and continued to copy, display, reproduce, and/or disseminate the Protected Photographs without Yelete's permission or authorization.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 501 *et seq.*)

### Against All Defendants and Each Defendant

18. Plaintiff repeats and incorporates Paragraphs 1-17 of this Complaint as if fully set forth herein.

19. Upon information and belief, F&F and DOES 1-10, and each of them, had access to the Protected Photographs, including, at a minimum, through access to Plaintiff's website and/or through illegally distributed copies of the Protected Photographs by one or more of DOES 1-10.

20. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by reproducing, making copies, distributing, publicly or electronically displaying and/or otherwise disseminating, making available for download or further distribution or transmission, in whole or substantial part, the Protected Photographs.

21. As a result of Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be proven at trial.

22. As a result of Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Protected Photographs. As a result, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits

attributable to the infringement of the Protected Photographs in an amount to be proven at trial.

23. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual and/or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That the Court enter judgment in favor of Plaintiff and against Defendants and each of them on all counts in the Complaint;

b. That Defendants and each of them, and their respective agents and servants, be enjoined from importing, manufacturing, distributing, offering for sale, selling, copying, publicly or electronically displaying, disseminating, making available for download or further distribution or transmission, in whole or substantial part, the Protected Photographs, or otherwise trafficking in any photograph or product that infringes Plaintiff's copyrights in the Protected Photographs;

c. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded its attorneys' fees under the Copyright Act U.S.C. § 101 et seq. and any other available provision of law;

    e.    That Plaintiff be awarded pre judgment interest as allowed by law;

    f.    That Plaintiff be awarded its costs in investigating and bringing this action; and

    g.    That Plaintiff be awarded such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 18, 2021                COZEN O'CONNOR

   /s/ David A. Shimkin
David A. Shimkin (SBN 290818)
DShimkin@cozen.com

Lisa A. Ferrari *(pro hac vice application to be submitted)*
Edward M. Weisz Ferrari *(pro hac vice application to be submitted)*
LFerrari@cozen.com,
eweisz@cozen.com